[No. 45856. En Banc. May 31, 1979.]

TERI ALLEE WHITEHEAD, *Respondent,* v. THE
DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, *Appellant.*

RONALD A. PEDERSON, ET AL, *Respondents,* v. THE
DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, *Appellant.*

DARLENE JOYCE BAILEY, *Respondent,* v. THE
DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, *Appellant.*

*Slade Gorton, Attorney General,* and *Donald Foss, Jr., Assistant,* for petitioner.

*John R. Moffat,* for respondents.

*George Cleve Haynes,* amicus curiae.

ROSELLINI, J.—The sole question before the court is the propriety of awarding attorney fees on an appeal from a support debt determination made pursuant to RCW 74.20A.

RCW 74.08.080 provides for appeals by applicants for and recipients of public assistance and authorizes the award of attorney fees if the appeal is successful. This section appears in the chapter which deals with public assistance generally. Aid to families with dependent children is provided for in RCW 74.10. RCW 74.20 and 74.20A provide alternative methods of enforcing contributions by parents who are financially able to support their children and legally responsible for such support. It was under RCW 74.20A.055 that the support enforcement procedures involved in these actions were commenced and prosecuted. That section provides for notice to the responsible parent and an opportunity for a hearing. It states:

> Said hearing shall be held pursuant to this 1973 amendatory act, chapter 34.04 RCW, and the rules and regulations of the department, which shall provide for a fair hearing.

While neither this provision nor any other provision of RCW 74.20A.055 provides for an appeal to the courts, it

recognizes the right to take such an appeal, declaring that the effect of the secretary's finding shall be stayed pending "any direct appeal to the courts from that decision."

It is the secretary's position that, because the chapter does not expressly authorize appeals pursuant to RCW 74.08.080 and because that section, by its terms, applies only to "applicants" or "recipients", it was not the legislative intent to permit alleged responsible parents to utilize that procedure.

We do not agree that RCW 74.20A.055's silence upon the question of appeal procedure signifies an intent that appeals pursuant to RCW 74.08.080 are not authorized. The section manifests a legislative understanding that the responsible parent has a right to appeal. Whether that right is to be exercised solely under RCW 34.04, the administrative procedures act (which does not provide for attorney fees),[1] or can be pursued under the appeal provisions of the public assistance laws is a question which can be answered only by examining other pertinent provisions of the statute and those which are in pari materia, as well as the legislative history. Where the language of a statute conveys an uncertain meaning, the act should be read as a whole and a meaning given to it that avoids strained or absurd consequences. *Krystad v. Lau*, 65 Wn.2d 827, 400 P.2d 72 (1965).

Appellate procedures for welfare applicants and recipients were first provided in Laws of 1949, ch. 6, § 10, p. 32, at a time when there was no provision for recouping aid to dependent children from responsible parents. Consequently, an intent to exclude such persons cannot be inferred from its language. Throughout the intervening years, this statute and its revisions have constituted the only provision for appeal to the courts in RCW Title 74. It

---

[1]There is no conflict between RCW 34.04 and RCW 74.08.080. The latter authorizes judicial review "in accordance with the provisions of chapter 34.04 RCW". The substance of RCW 74.08.080 is in its proviso, which relieves the appellant of the obligation of paying a filing fee or furnishing a bond, and provides for the award of attorney fees.

is not improbable, therefore, that the legislature has regarded RCW 74.08.080 and its predecessors (all of which provided for attorney fees) as an appropriate procedure wherever appeals can be taken from determinations made under that title. In the Superior Court, before the award of attorney fees, the secretary's briefs in two cases not only conceded but asserted that judicial review was provided in RCW 74.08.080. The department's rules governing hearings and appeals, which do not expressly refer to that section, manifest an understanding that all of its hearings are to be conducted pursuant to RCW 74.08.070, from which appeals are authorized under .080. *See* WAC 388–08. Legislative intent can be inferred from extrinsic evidence such as the legislative history and legislative acquiescence in the interpretation given the act by officials charged with administering it. *Ropo, Inc. v. Seattle,* 67 Wn.2d 574, 409 P.2d 148 (1965).

Consistent with this appraisal of the legislative intent is RCW 74.20A.200, permitting any person against whose property a support lien (authorized under RCW 74.20A.060) has been filed to apply to the Superior Court for relief. A proviso states:

> [J]udicial relief shall not be granted except as provided for in RCW 74.08.080 whenever a fair hearing has been requested pursuant to RCW 74.20A.050. Liens filed during pendency of fair hearing or court review shall be reviewed pursuant to RCW 74.08.080.

While the first sentence of this proviso refers only to RCW 74.20A.050 (an alternative procedure for the serving of notice and finding of financial responsibility), the second sentence is broad enough to include hearings under RCW 74.20A.055. Here, the legislature makes the applicability of RCW 74.08.080 mandatory, not merely permissible. Since there is no express requirement or even authorization in either RCW 74.20A.050 or .055 for the use of RCW 74.08-.080 in appeal procedures, this proviso manifests a legislative understanding that the availability of that procedure is implicit in those two sections.

RCW 74.20A.050 expressly incorporates the hearing procedures (but not the appeal procedure) of RCW 74.08 and thus it may be easier to infer an incorporation of RCW 74.08.080 than it is in the case of RCW 74.20A.055, which makes no reference to that chapter but instead gives the secretary authority to provide a fair hearing procedure consistent with the amendatory act of which it formed a part, and the administrative procedures act, and its own rules and regulations. It is evident that the department has interpreted this language as authorizing it to provide the same hearing which is available under RCW 74.08.070 and in WAC 388–08. In substance, the only significant difference between the hearing procedures provided in RCW 74.20A.050 and .055 is that the latter provides greater safeguards for the responsible parent. In view of this fact, it would be unreasonable to assume that the legislature would intend to allow attorney fees on an appeal to the Superior Court if the .050 procedure were utilized by the department but to deny them if it chose to utilize .055. And since the choice of procedures to be followed in collecting the alleged debt is given to the department, it is patently unfair to permit it to deprive a parent of a right to attorney fees simply by exercising its option to use .055.

██ Statutes should receive a sensible construction, such as will effect the legislative intention, and, if possible, so as to avoid unjust or absurd consequences. *State ex rel. Thorp v. Devin,* 26 Wn.2d 333, 173 P.2d 994 (1946). A thing which is within the object, purpose and spirit of an enactment is as much within the act as if it were within the letter. *In re Estates of Donnelly,* 81 Wn.2d 430, 502 P.2d 1163, 60 A.L.R.3d 620 (1972).

██ In *Tofte v. Department of Social & Health Servs.,* 85 Wn.2d 161, 531 P.2d 808 (1975), we said that the fundamental underpinning of the fee award provision (RCW 74.08.080) is a policy at once punitive and deterrent, which is designed to encourage the agency to render careful and

correct decisions at the initial stage, under penalty of having to pay the costs of correcting its mistakes when its decisions are overturned on appellate review.

According to the *Report to the Governor on the Department of Social and Health Services* (August 1977), compiled by the Governor's Select Panel on that department, numerous complaints have been made regarding harsh collection practices by members of the department in the attempted enforcement of child support. It would thus appear that the evil which the attorney fee provision was designed to discourage exists with respect to support enforcement, as well as to the allowance of benefits under the statute.

The secretary argues that responsible parents are not deserving persons, as are applicants for or recipients of public assistance, but are usually persons able to support their children who seek to avoid their responsibilities toward them. While this may be true of some of the persons pursued under the act, it cannot be said to be true of those who prevail on appeal from a ruling of the secretary. And these are the only persons eligible for the award of attorney fees.

That the legislature did not consider them undeserving is manifest in RCW 74.20A.200, expressly providing for relief according to RCW 74.08.080. Reading the act as a whole and in conjunction with other provisions of the title, which include the appeal statute, and giving it a consistent and fair interpretation in accord with its general purpose and spirit, we conclude that it was the legislative intent that persons appealing from a decision of the secretary under either RCW 74.20A.050 or .055 should have the right to do so pursuant to RCW 74.08.080.

The award of attorney fees to these successful appellants was proper, and the judgments are affirmed.

UTTER, C.J., and STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.