[No. 48878-9.   En Banc.   November 10, 1982.]

CROWN ZELLERBACH CORPORATION, *Appellant,* v. THE
DEPARTMENT OF LABOR AND INDUSTRIES, ET AL,
*Respondents.*

*Schwabe, Williamson, Wyatt, Moore & Roberts,* by *Elizabeth K. Reeve,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert G. Swenson, Assistant,* for respondents.

DIMMICK, J.—The Court of Appeals, Division Two, certified the following question to this court:

In determining administrative expense assessments to be levied against self–insuring employers under RCW 51.44.150 of the workers' compensation act and WAC 296–15–060, may the Department of Labor and Industries consider claims filed by the employer's workers which are attributable to prior years during which the employer was a participant in the state fund rather than self insured?

We answer in the affirmative.

Prior to 1971 all employers covered by the Industrial Insurance Act, RCW Title 51, were required to insure their workers' compensation risk with the State of Washington (State fund). In 1971 the Legislature enacted RCW 51.14 permitting employers to qualify as self–insurers for payment of workers' compensation. Appellant participated in the State fund until July 1, 1975, when it became certified as a self–insured employer.

The Department of Labor and Industries (Department) incurs various costs in administering State fund and self–insured claims. These include general overhead costs for the Department; costs of the Board of Industrial Insurance Appeals (RCW 51.52.030); costs of the University of Washington's environmental research center (RCW 51.16.042); and costs of operating the Department's division of safety and health (RCW 51.16.105). Most of these expenses are not directly attributable to the administration of specific claims.

The Department recovers the administrative costs by appropriate assessments on all employers, both self–insured and State fund participants. Assessments for a given self–insured employer are proportioned to its share of total claim payments (amount paid to an employer's injured workers). Initially, the Department determines a dollar

amount representing the total administrative costs allocable to self–insurers as a group. It then determines a percentage rate which is equal to the ratio of the total administrative costs attributable to all self–insureds to the total claim payments of all self–insured employers.[1] This percentage rate when applied to all claim payments of all self–insureds yields the total administrative costs allocable to self–insured employers. To determine the administrative costs allocable to an individual self–insured employer the Department applies the percentage rate to all claim payments of that particular employer.[2] To the extent that a self–insured employer has claims remaining in the State fund for injuries occurring prior to its becoming self–insured, that employer continues to pay for the administration of claims covered by the State fund. Once all these claims have been settled, the administrative costs paid by the self–insured are based only on the self–insured claims.

Appellant filed an action for declaratory judgment challenging this method of assessment. It asserts that once an employer withdraws from participation in the State fund it should no longer be responsible for the continuing costs of

---

[1]The following hypothetical was presented by the Department to illustrate the method of assessment:

Two million dollars is determined to be the self–insurers' share of all administrative expenses for the year. Of this two million dollars, $400,000 is estimated to cover the expenses of administering State fund claims of self–insurers. Further assume that during the year in question the claims payments for all self–insurers are forty million dollars; ten million is for State fund claims and thirty million dollars is for self–insured claims. Let us further assume that Employer A has $500,000 in total claim payments, both State fund and self–insured.

To recover the two million dollars from the self–insurers as a group, and using all claim payments as the basis, the Department must assess 5 percent of claim payments (5% of $40,000,000 = 2,000,000). Employer A's share is 5 percent of $500,000, or $25,000.

[2]One of appellant's quarterly reports exemplifies this method of assessment as applied. The report indicates that appellant's injured workers received $55,707.49 in claim payments from the State fund and $330,611.29 in claim payments from the self–insured. The Department imposed an administrative assessment rate of .055 on both of these amounts to collect a total of $21,247.53 in administrative costs attributable to appellant.

administering its prior State fund claims and the State fund claims should not be part of the basis for estimating the costs attributable to it. Appellant, therefore, requests that all moneys it paid with reference to prior State fund claims be returned. Appellant does not question its responsibility to pay the administrative costs incurred in connection with its self–insured claims. The trial court entered a summary judgment in favor of the Department finding the method of assessment to be valid under the applicable statute and regulation. We affirm.

The controversy centers on the language of RCW 51.44-.150:

> The director shall impose and collect assessments each fiscal year upon all self–insurers in the amount of the *estimated* costs of administering *their portion of this title* during such fiscal year. The time and manner of imposing and collecting assessments due the department shall be set forth in regulations promulgated by the director in accordance with chapter 34.04 RCW.

(Italics ours.) Pursuant to this statute the Department adopted WAC 296–15–060 authorizing the method of assessment described above.[3]

Appellant contends that the statutory language "their portion of this title" refers to self–insurers as a cate-

---

[3] WAC 296–15–060 provides in pertinent part as follows:

"(1) Assessments levied by the department against each self–insurer shall be based on the self–insured employer's proportionate share of the administrative costs determined to be attributable to self–insurers, including expenses of the Safety Division, the Industrial Insurance Division, the University of Washington Environmental Research Facility, the Board of Industrial Insurance Appeals, appeals expenses, and other general administrative expenses.

"(2) The director shall determine the assessment rate annually, prescribing the self–insured employer's share of the attributable costs determined pursuant to the provisions of subsection (1). For employers who have been covered under the Workmen's Compensation Act for a period of less than two full calendar years, the assessment rate shall be a percentage of the premium which would have been collected at manual rates had the self–insurer been covered by the State Fund. For employers who have been subject to the provisions of the Workmen's Compensation Act in excess of two calendar years, *the administrative assessment rate shall be a percentage of the payments made on all claims involving the self–insured employer* . . ." (Italics ours.)

gory and thus only administrative expenses attributable to the State's administering the self–insured claims may be recovered. We read the language, however, as referring to the individual self–insured employers. Each self–insured employer must be responsible for the estimated total costs of administering its part of the Industrial Insurance Act— self–insured and prior continuing State fund claims. We have consistently held that statutes should receive a sensible construction to effect the legislative intent and, if possible, to avoid unjust or absurd consequences. *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 595 P.2d 926 (1979). The only sensible conclusion to draw regarding RCW 51.44.150 is that the Legislature did not intend to permit an employer to escape paying the administrative costs attributable to continuing State fund claims simply by becoming a self–insured employer. Adopting appellant's construction of the statute would lead to this incongruous result as well as an inequitable and unjust situation. If the costs of administering State fund claims of self–insurers are not a component of administrative costs to be assessed against self–insurers, then employers remaining in the State fund would be paying not only the costs of administering their claims but also those State fund claims of employers who have since become self–insured.

Undoubtedly there are other bases that could have been used to assess the administrative costs. The method used, however, fairly apportions *estimated* administrative costs among the self–insured employers. The method of estimating the administrative costs attributable to appellant as reflected in WAC 296–15–060 need only be reasonably consistent with RCW 51.44.150 to be valid. *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.*, 89 Wn.2d 688, 695, 575 P.2d 221 (1978). We hold that the method is consistent with our reading of RCW 51.44.150 and accordingly is valid.

■ Appellant also argues that the assessment violates insurance principles. In particular, it is contrary to the concept that an insured's obligation ceases upon full payment of a premium. Appellant points to RCW 51.16.035 which

speaks in terms of "recognized insurance principles." This statute only refers to the Department's adopting a rating system classifying various occupations and fixing basic rates of premiums.[4] The statutes do not, however, require that collection of administrative expenses be in accordance with recognized insurance principles. The Department has chosen to recover administrative costs attributable to State fund participants on a current, or pay as you go, basis via a percentage loading factor rather than collecting the administrative expenses in advance as private insurance carriers do. We uphold such practice.

Appellant's obligations in this situation are not governed by insurance principles applicable to private insurance contracts. Our workers' compensation system is in fact an industrial insurance act. In the context of *Stertz v. Industrial Ins. Comm'n*, 91 Wash. 588, 158 P. 256 (1916), this means that the employer satisfies its obligations to injured workers by payment of premiums to the Department, and it is then the Department which pays out benefits to and on behalf of injured workers.

As this court stated in *Stertz*, at page 594, our act is "an industrial insurance statute." It is not the equivalent of an insurance contract. The Legislature may alter the employers' responsibilities. In the past, the Legislature has directed the Department to collect sums which under general insurance principles would not be collectible. For example, under RCW 51.14.020(4) an employer who wishes to become self–insured must pay to the Department a share of any deficit which is in the State fund at the time it becomes self–insured. Also, the Legislature has directed

---

[4]RCW 51.16.035 states in part:

"The department shall classify all occupations or industries in accordance with their degree of hazard and fix therefor basic rates of premium which shall be the lowest necessary to maintain actuarial solvency of the accident and medical aid funds in accordance with recognized insurance principles. The department shall formulate and adopt rules and regulations governing the method of premium calculation and collection and providing for a rating system consistent with recognized principles of workers' compensation insurance which shall be designed to stimulate and encourage accident prevention and to facilitate collection."

that employers may be assessed to provide a fund for increased payment of pension amounts to workers receiving pensions under prior schedules. *See* RCW 51.32.072, .073 and .075. Under these sections an employer may be assessed to pay for pensions of prior pensioners even though the employer was not doing business in this state in those years or was not subject to workers' compensation. This has been held to be a valid and constitutional exercise of legislative power even though it would appear to certainly violate standard insurance principles. *Washington State Sch. Directors Ass'n v. Department of Labor & Indus.*, 82 Wn.2d 367, 510 P.2d 818 (1973). Further, although employer payments to the State fund are often referred to as premiums, RCW 51.08.015 provides that the term "premium" should be construed to mean taxes. As such the charges imposed by the act "[are] the consideration which the owners of the industries pay for the privilege of carrying them on." *State ex rel. Davis–Smith Co. v. Clausen*, 65 Wash. 156, 203, 117 P. 1101 (1911). *See also Ray v. Hill*, 194 Wash. 321, 77 P.2d 1009 (1938).

In short, ours is an industrial insurance statute, but is not necessarily the equivalent of an insurance contract in all respects. The Legislature can and indeed has placed conditions on the Industrial Insurance Act. One of those conditions is that a self–insured employer who formerly participated in the State fund and has left claims therein pay its proper share for administering those claims.

Additionally, while the scheme at issue here appears to operate to appellant's disadvantage now that it has left the State fund, it operated to appellant's advantage when it first entered the system. It is logical to assume that when appellant first entered the State fund system its claim activity and thus the current costs attributable to those claims were low and increased with time. If the Department had used insurance principles and included estimated future administrative costs in the premiums, the costs imposed upon appellant when it entered the system would have been much higher. Accordingly, the scheme does not

operate to appellant's disadvantage in the long run.

 Appellant finally contends the Department's assessment system violates its equal protection guaranties. Appellant notes that an employer who ceases to do business in the State of Washington or shuts down that portion of its operation falling under RCW Title 51 does not have to pay assessments for processing those claims arising while it paid premiums to the State fund. Appellant argues that there are no reasonable grounds to differentiate an in–state, self–insured employer, like itself, from those out–of–state or defunct employers. Although all employers who have continuing State fund claims are similarly situated in that they should be responsible for the costs of administering those claims, the State has chosen not to collect an assessment (which effort would probably prove to be futile) from defunct or out–of–state employers. Such a choice is permissible, for equal protection does not require the State to choose between attacking every aspect of a problem and not attacking the problem at all. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs*, 92 Wn.2d 831, 601 P.2d 936 (1979), *appeal dismissed*, 446 U.S. 979 (1980); *State v. Kent*, 87 Wn.2d 103, 111, 549 P.2d 721 (1976); *Washington Statewide Org. of Stepparents v. Smith*, 85 Wn.2d 564, 571, 536 P.2d 1202 (1975). Laxity in enforcement as to some is not a defense on equal protection grounds to enforcement against others, absent the use of arbitrary or prohibited grounds to determine the specific instances of enforcement. *Somer v. Woodhouse*, 28 Wn. App. 262, 623 P.2d 1164, *review denied*, 95 Wn.2d 1019 (1981), and cases cited therein. Appellant has not offered any proof that the Department used arbitrary grounds in determining that it would enforce its assessment for administrative costs against appellant and not against defunct or out–of–state employers.

Accordingly, the trial court's summary judgment entered in favor of the Department is affirmed.

BRACHTENBACH, C.J., STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.