[No. 10588–4–I. Division One. January 10, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. MARCIA ANN VELA, *Appellant.*

*Terry Paul Watkins,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Eychaner, Deputy,* for respondent.

CORBETT, J.—Defendant, Marcia Ann Vela, appeals her judgment and sentence for felony "hit and run," contrary to RCW 46.52.020. We affirm.

The defendant's automobile struck another car from the rear, forcing the latter into oncoming traffic where it collided with a third car. The ultimate impact was severe, causing extensive damage to the vehicles and seriously injuring the driver and passenger in the car that defendant had struck. Defendant stopped her car about 200 feet from the scene of the accident, got out, took about six steps back toward the scene, hesitated, then returned to her car and left. The front end of her car had been damaged and the hood popped up as she drove away. Defendant has not contested the fact that she was involved in the accident. At the trial, she claimed that she was so intoxicated that she was not aware that the accident had occurred.

Defendant assigns error to the failure of the trial court to instruct the jury that an element of the offense was defendant's knowledge that a person or persons were injured in the accident. The statute, RCW 46.52.020,[1] is

---

[1]RCW 46.52.020 reads, in pertinent part:

"Duty in case of injury to or death of person or damage to attended vehicle or other property—Penalty. (1) A driver of any vehicle involved in an accident resulting in the injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section; . . .

"(2) The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person or damage to other property shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall forthwith return to, and in any event shall remain at,

silent as to the element of knowledge. It has been interpreted to require knowledge of involvement in an accident. *State v. Martin,* 73 Wn.2d 616, 625, 440 P.2d 429 (1968). The court included this element in instruction 6,[2] to which defendant excepted and now assigns error. *Cf.* WPIC 97.02 (revised 1982), which does not include the element of knowledge required by *Martin.*

 Defendant urges that at the very least, the court should have instructed the jury according to the so-called *"Holford"* rule:

> [C]riminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person. . . .

*People v. Holford,* 63 Cal. 2d 74, 80, 403 P.2d 423, 427, 45

---

the scene of such accident until he has fulfilled the requirements of subsection (3) of this section; . . ."

[2]Instruction 6 reads, in pertinent part:

"To convict the defendant Marcia Ann Vela of hit and run, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 29th day of December, 1980, the defendant was the driver of a vehicle;

"(2) That the defendant's vehicle was involved in an accident with another vehicle driven by or attended by another person;

"(3) That the accident resulted in injury to another person;

"(4) That the defendant knew she was involved in an accident;

"(5) That the defendant failed to carry out her obligation to fulfill all of the following duties:

"(a) immediately stop the vehicle at the scene of the accident or as close thereto as possible.

"(b) forthwith return to and remain at the scene of the accident until all duties are fulfilled.

"(c) give her name, address and vehicle license number and exhibit her driver's license to any person struck or injured or any occupant of, or any person attending, any vehicle collided with.

"(d) render to any person injured in the accident reasonable assistance, including the carrying or making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or such carrying is requested by the injured person or on his behalf; and

"(6) That the acts occurred in King County, Washington. . . ."

Cal. Rptr. 167 (1965). We decline to adopt the "*Holford*" rule for two reasons. First, the standard of constructive knowledge set out in this rule is contrary to the subjective knowledge required by *State v. Shipp,* 93 Wn.2d 510, 514–16, 610 P.2d 1322 (1980). Second, requiring actual knowledge of injuries would preclude the statute from fulfilling its purpose. In this regard, we find the reasoning of the Illinois Supreme Court persuasive:

> the prosecution is required to prove that the accused had knowledge that the vehicle he was driving was involved in an accident or collision. We do not, however, hold that it is necessary for the prosecution to show also that the accused knew that injury or death resulted from the collision. To require this additional proof would impose a burden that would be unrealistically difficult to sustain and would tend to defeat the public interest which is served by requiring persons involved in vehicle collisions to stop and provide identification . . . and to be available to render assistance if required.

*People v. Nunn,* 77 Ill. 2d 243, 252, 396 N.E.2d 27, 31 (1979). The gravamen of the offense is failure to stop when one knows his vehicle has been involved in an accident. The court did not err by so instructing the jury.

Affirmed.

SWANSON and SCHOLFIELD, JJ., concur.

Reconsideration denied March 14, 1983.

Review granted by Supreme Court July 19, 1983.