[No. 49619-6. En Banc. December 15, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. MARCIA ANN VELA, *Petitioner*.

*Terry P. Watkins*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Jennifer Eychaner, Deputy*, for respondent.

ROSELLINI, J.—Petitioner Marcia Ann Vela was convicted in King County of failing to stop and remain at the scene of an injury accident in violation of RCW 46.52.020. The Court of Appeals, Division One, affirmed the conviction (*State v. Vela*, 33 Wn. App. 599, 656 P.2d 536 (1983)), as do we.

The sole issue presented for review is whether, in a prosecution for felony hit and run, the State must prove the

defendant had knowledge that someone was injured.

Except for the extent of Vela's awareness of the incident, the facts are not seriously disputed. At about 6:30 p.m. on December 29, 1980, Vela was driving a friend's Camaro westbound on the Spokane Street viaduct in Seattle. Vela was intoxicated. She was also speeding and changing lanes erratically. Near the Highway 99 overpass, Vela's vehicle struck the rear of a 1977 Honda. The force of the impact impelled the Honda into oncoming eastbound traffic, where it was almost immediately struck head on by a Chevrolet Nova. The driver of the Honda and his 3–year–old son were both thrown from the car onto the pavement. Passersby administered first aid to the driver, who was unconscious. The child suffered several broken bones, but was conscious and crying. The driver of the Nova also suffered broken bones and lacerations. Because the accident happened after dark, the eyewitnesses were unable to see the driver of the Camaro well enough to identify Vela in court. The witnesses did, however, see the Camaro stop near the scene of the accident. The driver got out, closed the hood (which had popped open after the accident), turned around toward the accident scene, and then got back into the car and drove away.

Vela did not deny that she had been the driver of the Camaro. Her testimony was that she did not remember the accident, apparently because she had been intoxicated at the time.

The jury instructions proposed by the respective parties differed on the question of what mental state was necessary to convict her. The difference was, simply, whether knowledge of injuries should be an element of the crime.

The trial judge instructed the jury that the State must prove, as an element of the crime, that petitioner had known that she had been involved in an accident. The judge refused to instruct the jury, as requested by defense counsel, that the State must also prove that Vela had knowledge of the injuries.

RCW 46.52.020[1] sets out the duty imposed upon the operator of a vehicle who has become involved in an accident. The duties imposed, if injury or death result, or if another attended vehicle is damaged, are as follows: The operator of the vehicle shall stop at or as near the scene of

---

[1]RCW 46.52.020 reads in pertinent part:

"(1) A driver of any vehicle involved in an accident resulting in the injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section; every such stop shall be made without obstructing traffic more than is necessary.

"(2) The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person or damage to other property shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall forthwith return to, and in any event shall remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section; every such stop shall be made without obstructing traffic more than is necessary.

"(3) Unless otherwise provided in subsection (7) of this section the driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person or damage to other property shall give his name, address, and vehicle license number and shall exhibit his vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person or on his behalf. Under no circumstances shall the rendering of assistance or other compliance with the provisions of this subsection be evidence of the liability of any driver for such accident.

"(4) Any driver covered by the provisions of subsection (1) of this section failing to stop or comply with any of the requirements of subsection (3) of this section under said circumstances shall be guilty of a class C felony and, upon conviction, be punished pursuant to RCW 9A.20.020: *Provided,* That this provision shall not apply to any person injured or incapacitated by such accident to the extent of being physically incapable of complying herewith.

"(5) Any driver covered by the provisions of subsection (2) of this section failing to stop or to comply with any of the requirements of subsection (3) of this section under said circumstances shall be guilty of a gross misdemeanor and, upon conviction, be punished by imprisonment for not less than thirty days nor more than one year or by a fine of not less than one hundred dollars nor more than five hundred dollars, or by both such fine and imprisonment: *Provided,* That this provision shall not apply to any person injured or incapacitated by such accident to the extent of being physically incapable of complying herewith."

the accident as possible and return to the scene of the accident or as close thereto as possible and remain until the requirements of subsection (3) are fulfilled. Subsection (3) requires that the operator of the vehicle give his name, address and vehicle license number, exhibit his vehicle operator's license and render any person injured reasonable aid, including arrangements for transportation of the injured to a place where medical facilities are available.

As originally enacted, RCW 46.52.020 made it a misdemeanor to leave the scene of any accident without first fulfilling specified duties. The crime was the same whether the accident resulted in death or injury to a person or if it simply resulted in damage to an attended vehicle. Laws of 1961, ch. 12, § 46.52.020, p. 371. In 1980 the statute was amended to distinguish between accidents involving personal injuries or deaths and those involving only damage to an attended vehicle or other property. Laws of 1980, ch. 97, § 1, p. 300. Now, if anyone is injured or killed, it is a class C felony to leave the scene of the accident without first fulfilling the statutory duties. RCW 46.52.020(4). Otherwise, the crime is a gross misdemeanor. RCW 46.52.020(5).

The statute has never mentioned any mental element. Nevertheless, this court held in *State v. Martin,* 73 Wn.2d 616, 625, 440 P.2d 429 (1968), *cert. denied,* 393 U.S. 1081 (1969) that it is error to instruct the jury that it is immaterial whether or not the defendant knew that he struck the injured party:

> The statute RCW 46.52.020 imposes upon the driver of a vehicle a positive, affirmative course of action; it specifically designates several acts following the accident which the operator of the vehicle must do to avoid the statutory penalty. It is inconceivable that the legislature intended that punishment would be imposed for failure to follow the course of conduct outlined, if the operator of the vehicle was ignorant of the happening of an accident. If he knowingly has an accident, such as the statute mentions, and does not stop, he has violated the statute.

Petitioner's argument is that this reasoning, especially when coupled with the 1980 amendment making it a more

serious crime to leave the scene of an injury accident, supports the notion that the knowledge of injury is an element of felony hit and run. Petitioner contends that the more serious penalty should be imposed only if the defendant's mental state makes her more culpable.

Petitioner's argument is supported by the so–called "Holford rule" arising out of the California Supreme Court decision of *People v. Holford,* 63 Cal. 2d 74, 80, 403 P.2d 423, 45 Cal. Rptr. 167 (1965), which holds:

[C]riminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person.

We decline the adoption of the Holford rule for two reasons: (1) the requirement of knowledge of the injury would render the statute internally inconsistent, and (2) such a requirement would practically destroy the purpose of the statute.

In accordance with the mandate of *Martin,* a driver is subject to a felony conviction if he leaves the scene of an injury accident when he has knowledge of the accident. RCW 46.52.020(4). Leaving the scene of an accident resulting *only* in property damage with knowledge of the accident subjects the driver to a misdemeanor conviction. RCW 46.52.020(5). If we were to adopt the Holford rule, a person who leaves the scene of an accident with knowledge of property damage but without knowledge that the accident resulted in injuries or death of some person would not be guilty of either a misdemeanor or felony. He would not have committed a felony because he did not know that any person had been injured or killed. Nor would he be subject to a misdemeanor because that charge applies only in "an accident resulting *only* in damage to a vehicle . . . or damage to other property". (Italics ours.) RCW 46.52.020(2). Thus, the anomalous consequence of the Holford rule is that one who leaves an accident scene knowing only that he was involved in an accident is completely immune to prose-

cution under RCW 46.52.020 if some person was in fact injured or killed, yet he is guilty of a misdemeanor if no person was in fact injured or killed. The Legislature could not have intended such a result, nor will we adopt a course that would bring about such absurd consequences. We have consistently held that statutes should receive a sensible construction to effect the legislative intent and, if possible, to avoid unjust and absurd consequences. *Crown Zellerbach Corp. v. Department of Labor & Indus.*, 98 Wn.2d 102, 653 P.2d 626 (1982); *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 595 P.2d 926 (1979).

The conclusion to draw regarding RCW 46.52.020 is that the statute cannot be construed to require knowledge of injuries. Reason dictates that the Legislature intended to punish hit–and–run drivers involved in accidents resulting in either property damage or injury to some person. Knowledge of the accident is all the knowledge that the law requires. If a motorist knows he has been involved in an accident and fails to stop, he is guilty of violating RCW 46.52.020. If only property damage is done in the accident, he is guilty of a misdemeanor for failure to stop. If injury or death to a person results from the accident, he is guilty of a felony for failure to stop.

The statute requires the motorist to stop and investigate. This serves the underlying rationale of facilitating investigation of accidents and providing immediate assistance to those injured. To require an additional element of knowledge would tend to defeat the public interest which is served by requiring persons involved in vehicle collisions to stop and provide identification and other personal information and to be available to render assistance if required. *See People v. Nunn*, 77 Ill. 2d 243, 396 N.E.2d 27 (1979).

The Holford rule encourages a driver to remain ignorant of the actual consequences of the accident. If he does not stop to investigate, he will likely not have knowledge whether anyone was injured or killed and is thereby guilty at most of a misdemeanor. Such a result would reward a

motorist who deliberately remains ignorant of the results of his accident.

The conviction is affirmed.

WILLIAMS, C.J., and STAFFORD, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., concur.

UTTER, J. (concurring in the result)—The rule in *People v. Holford,* 63 Cal. 2d 74, 403 P.2d 423, 45 Cal. Rptr. 167 (1965) is the proper rule. It does not, as the majority implies, absolve a defendant who leaves the scene of an accident without knowledge of possible injury or death. The rule imposes criminal liability if a defendant should know "that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person." *Holford,* at 80.

To impose felony liability on a defendant should require at least knowledge that a reasonable person would anticipate the collision caused injury to a person. The more serious penalty imposed by the 1980 amendment should only be given if the defendant's mental state makes him/her more culpable. This conclusion is supported by all the courts which have considered statutes similar to RCW 46.52.020. *See, e.g., State v. Minkel,* 89 S.D. 144, 230 N.W.2d 233 (1975); *Kimoktoak v. State,* 584 P.2d 25 (Alaska 1978); *State v. Corpuz,* 49 Or. App. 811, 621 P.2d 604 (1980); *State v. Porras,* 125 Ariz. 490, 610 P.2d 1051 (Ct. App. 1980); *State v. Miller,* 308 N.W.2d 4 (Iowa 1981); *State v. Fearing,* 304 N.C. 471, 284 S.E.2d 487 (1981).

The facts here support a conclusion that, as a matter of law, a reasonable person would anticipate injury would occur. Therefore, any failure to instruct regarding the defendant's knowledge would at most be harmless error, regardless of which harmless error standard is applied.

PEARSON, J., concurs with UTTER, J.