# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84623-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JESSE LEE THAYER, | |
| Appellant. | |

PENNELL, J.* — Jesse Lee Thayer appeals his conviction for felony hit and run, arguing the to-convict instruction omitted an essential element of the crime. We disagree and affirm.

## FACTS

On May 25, 2019, at approximately 9:30 p.m., Heidi Allen's body was found lying in the middle of 13th Street in Everett, Washington. *See* Ex. 4A. Ms. Allen did not appear to be breathing, no pulse could be located, and it was noted there was "a dark line [on the roadway] all the way down to her body like she was [dragged]." 2 Rep. of Proc. (RP) (Sept. 13, 2022) at 275. Witnesses had seen Ms. Allen alive 20 minutes earlier. Ms. Allen was transported to the hospital, pronounced dead,

_____

* The Honorable Rebecca Pennell is a Court of Appeals, Division Three, judge sitting in Division One pursuant to CAR 21(a).

and a subsequent autopsy report attributed the cause of death to injuries sustained from a "vehicle-versus-pedestrian accident." 3 RP (Sept. 14, 2022) at 351.

Law enforcement canvassed the neighborhood, looking for information. An officer noticed a sedan a block away that had a crack on the grill. Closer inspection revealed additional damage.

As officers looked at the vehicle, Jesse Thayer came outside his residence. Mr. Thayer told the officers he knew about the pedestrian collision. He also stated around 9:00 p.m. that same evening he had been driving on 13th Street and ran over "some trash in the road." *Id.* at 418-19. During a subsequent interview, Mr. Thayer stated he did not know he had run over a person.

The car was impounded and officers obtained a search warrant. Ms. Allen's DNA[1] was found on the undercarriage of the vehicle. Mr. Thayer was charged with felony hit and run, in violation of RCW 46.52.020(4)(a).

At trial, Mr. Thayer testified that while driving home from a golf course, he saw something in his path: "I thought it was some garbage. The best that I could tell, it looked like a dirty discarded blanket and maybe a small empty backpack." 5 RP (Sept. 19, 2022) at 581. When asked if he knew whether he had been in an accident serious enough to require him to stop, he testified "absolutely not." *Id.* at 588. About ten minutes after he had arrived home, Mr. Thayer noticed emergency vehicles were in the same area he has just driven through. Mr. Thayer noted he thought about going over to try and find out what had happened, but his mother convinced him not to.

---

[1] Deoxyribonucleic acid.

The trial court instructed the jury on the elements of hit and run fatality consistent with WPIC 97.02.[2] The court rejected instructions proposed by Mr. Thayer that would have required the State to prove he knew there had been an injury. The to-convict instruction approved by the court stated, in relevant part:

> To convict the defendant of the crime of Hit and Run—Fatality, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 25th of May, 2019, the defendant was the driver of a vehicle;
> (2) That the defendant's vehicle was involved in an accident resulting in the death of any person;
> (3) That the defendant knew that he had been involved in an accident;
> (4) That the defendant failed to satisfy his obligation to fulfill all of the following duties . . . and
> (5) That any of these acts occurred in the State of Washington.

Clerk's Papers at 58-59 (jury instruction 7).

While in deliberations, the jury submitted the following question: "Does Instruction No. 7 - section 3, apply if defendant knew anytime between 5/25/19 and the interrogation on 6/3/19?" *Id.* at 65. The trial court, over the State's objection, responded, "If a jury concludes that an accident occurred, this provision references the defendant's knowledge only at the time the accident occurred." *Id.*

The jury convicted Mr. Thayer as charged. Mr. Thayer appeals his conviction. The State cross appeals the trial court's answer to the jury question.

ANALYSIS

Mr. Thayer argues the trial court's to-convict instruction failed to accurately recite the mens rea for his charged offense. Citing the due process prohibition on

---

[2] Washington Pattern Jury Instruction: Criminal.

criminalizing innocent conduct, Mr. Thayer argues the to-convict instruction should have required the State to prove Mr. Thayer not only knew of an accident, but also that the accident caused some sort of injury. The State counters that Mr. Thayer's argument is foreclosed by *State v. Vela*, 100 Wn.2d 636, 673 P.2d 185 (1983). We agree with the State.

"Because it 'serves as a yardstick by which the jury measures the evidence to determine guilt or innocence,' a to-convict instruction must contain all essential elements of the charged crime." *State v. Gonzalez*, 2 Wn. App. 2d 96, 105, 408 P.3d 743 (2018) (some internal quotation marks omitted) (quoting *State v. DeRyke*, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003)). The standard of review is de novo for the adequacy of a to-convict instruction. *Id*. at 105.

RCW 46.52.020(1) states, "A driver of any vehicle involved in an accident resulting in the injury to or death of any person" has a duty to "immediately stop such vehicle at the scene of such accident or as close thereto as possible" and to "forthwith return to, and in every event remain at, the scene of such accident until [they have] fulfilled the requirements of subsection (3) of this section." Those requirements include "render[ing] to any person injured in such accident reasonable assistance." RCW 46.52.020(3). Violation of these statutory duties is a class B felony. RCW 46.52.020(4)(a).

In *Vela*, our Supreme Court unequivocally held the hit and run statute "cannot be construed to require knowledge of injuries." 100 Wn.2d at 641.

4

"Knowledge of the accident is all the knowledge that the law requires." *Id. Vela* has not been overruled and therefore binds this court. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

Mr. Thayer argues recent cases from the United States Supreme Court and Washington Supreme Court undermine *Vela*. Mr. Thayer points to *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), and *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). These cases generally stand for the rule that due process prohibits holding an individual criminally liable for purely innocent conduct. According to Mr. Thayer, leaving the scene of an accident is purely innocent unless the driver is aware that an injury has occurred.

Mr. Thayer's due process argument is unconvincing. As *Vela* makes clear, Washington's hit and run statute requires the State to prove the defendant left the scene of a known accident without stopping to investigate or render assistance. This is not purely innocent conduct. Thus, there is no due process problem with holding a driver criminally liable even if that driver did not know the accident resulted in an injury.

The trial court properly instructed the jury on all elements of felony hit and run. Mr. Thayer's challenge to his conviction therefore fails and the matter is affirmed. Given this disposition, we need not address the State's cross appeal, challenging the trial court's answer to the jury question. Furthermore, Mr. Thayer's motion to strike the cross appeal is denied as moot.

## CONCLUSION

The judgment and conviction is affirmed. Mr. Thayer's motion to strike the State's cross appeal is denied as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

WE CONCUR: