[No. 4966–3–III.   Division Three.   February 22, 1983.]

*In the Matter of the Welfare of*
ROBERT MARK HOFFER.

*Katherine D. Makus,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Scott Wolfram, Deputy,* for respondent.

MUNSON, J.—Robert Mark Hoffer, born May 18, 1964, challenges a juvenile court's authority to extend terms of payment of restitution to his 21st birthday. We affirm.

On May 13, 1980, Mr. Hoffer was found guilty of taking a

motor vehicle without the owner's permission, eluding a police officer, and first degree malicious mischief. His disposition included 8 to 12 weeks' confinement, plus restitution ranging from $3,000 to $3,800. The court incorrectly listed restitution as a condition of community supervision and failed to establish a schedule for payment.[1]

In November of 1981, the Walla Walla County Department of Court Services sought to enforce restitution by filing a motion to extend the juvenile court jurisdiction until Mr. Hoffer reached 21. The court denied the motion, stating restitution was not a condition of community supervision. In December, a new motion to modify the restitution order was filed and heard. The court held it had authority pursuant to RCW 13.40.300(1)(c), if a hearing was held prior to Mr. Hoffer's 18th birthday, to extend its jurisdiction until his 21st birthday. The court set restitution at $95 per month, to extend either until the debt was paid or Mr. Hoffer turned 21.

█ Relying only on statutory language, Mr. Hoffer raises six challenges to the trial court's authority to modify restitution beyond his 18th birthday. Statutes should receive a sensible construction which will effect the legislative intent and avoid unjust or absurd consequences. *Crown Zellerbach Corp. v. Department of Labor & Indus.*, 98 Wn.2d 102, 653 P.2d 626 (1982); *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 595 P.2d 926 (1979). Our duty when construing statutory language is to give effect to the Legislature's intent and purpose, as expressed in the act. *State v. McKim*, 98 Wn.2d 111, 653 P.2d 1040 (1982); *In re Lehman*, 93 Wn.2d 25, 604 P.2d 948 (1980).[2]

---

[1] The disposition order used in this case lists restitution as one of 15 subsections of a category entitled "community supervision". We understand the form has since been modified to place restitution as a separate category.

[2] *In re Lehman, supra,* also states that where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. No one contends that any particular statute in RCW 13.40 is

■ Mr. Hoffer first contends the court did not have authority to modify the restitution order because no terms had been set for community supervision. He also asserts that, even if terms had been set, the maximum statutory authority for community supervision,[3] and parole[4] had expired. We hold, however, that restitution is not a term of community supervision. RCW 13.40.190 states in pertinent part:

(1) In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. The payment of restitution shall be in addition to any punishment which is imposed pursuant to the other provisions of this chapter.

Restitution is a separate disposition in addition to or in lieu of other dispositions. Mr. Hoffer's argument that *all* disposition orders are limited to 1 year for a single offense and 2 years for two or more offenses finds no statutory support. Nothing links restitution to community supervision. The trial court has discretion to extend the period of payment up to the youth's 21st birthday if proceedings begin prior to the youth's 18th birthday.

Mr. Hoffer next argues that the act should not be read to allow such "unlimited" authority. He gives the example of an 11–year–old first offender who accidentally causes a fire resulting in great loss and asserts the act should not be read to allow a court to extend jurisdiction over the youth the following 10 years. However, RCW 13.40.190 grants a trial court discretion to waive repayment "if the respondent

---

ambiguous; rather, Mr. Hoffer contends RCW 13.40, read in sections and as a whole, does not allow authority to modify under facts such as these. We therefore will look only to the plain language of the statute to ascertain intent.

[3]RCW 13.40.020(3) limits a community supervision order to 1 year for a single offense. RCW 13.40.180(3) limits consecutive terms of community supervision to 2 years.

[4]RCW 13.40.210(2) sets a maximum of 18 months for parole supervision by the Department of Social and Health Services.

reasonably satisfies the court that he or she does not have the means to make full or partial restitution . . ." When a situation arises which involves an 11–year–old, this court will then decide whether the trial court abused its discretion. We are unable, under these facts, to find such an abuse.

Mr. Hoffer next contends modification can only occur when the youth fails to comply.[5] The dispositional order was vague in that it did not set out the amount of payment or a payment schedule. Such vague terms do not provide the certainty which the Juvenile Justice Act of 1977 sets as its goal. RCW 13.40.010(2).

Had Mr. Hoffer been making restitution payments, his argument would be more persuasive. As the record shows, however, modification was sought only after he failed to make payment even though he was working. The failure to make payment over a significant period of time is a failure to comply. Under RCW 13.40.200, the court had jurisdiction to modify the order.

Alternatively, Mr. Hoffer asserts his failure to comply can result only in up to 30 days' detention.[6] We disagree. Such a narrow interpretation would unduly limit a trial court's authority to modify a previous restitution order. Given the Legislature's clear intent to provide restitution to crime victims, RCW 13.40.010(2)(h), and the previous grant of discretion in RCW 13.40.190, this construction would not comport with legislative intent. RCW 13.40.200(3)(a) specifically speaks to an added penalty for willful violations; it places no limit on the court's authority

---

[5]RCW 13.40.200(1) states:

"(1) When a respondent fails to comply with an order of restitution, community supervision, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation."

[6]RCW 13.40.200(3)(a) states:

"If the court finds that a respondent has wilfully violated the terms of an order pursuant to subsections (1) and (2) of this section, it may impose a *penalty* of up to thirty days confinement." (Italics ours.)

to modify the order.

Mr. Hoffer next contends the court's jurisdiction ended when he was transferred from juvenile court to the Department of Social and Health Services. RCW 13.40.185 requires that a youth who serves a term of confinement greater than 30 days be supervised by DSHS. The only support for Mr. Hoffer's position is the language in RCW 13.40.300(1): "A juvenile may be under the jurisdiction of the juvenile court *or* the authority of the department . . ." (Italics ours.) According to Mr. Hoffer, this means that concurrent jurisdiction cannot exist.

This argument has three answers. First, this argument was not raised at the trial court and is deemed waived. *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 617 P.2d 704 (1980); *State v. Melcher*, 33 Wn. App. 357, 655 P.2d 1169 (1982).

Second, the statute, read literally, does not state that jurisdiction cannot be returned from DSHS to the juvenile court once confinement has been completed. Mr. Hoffer has again asked us to add language which cannot be found in the statute; this we cannot do. *See McCarver v. Manson Park & Rec. Dist.*, 92 Wn.2d 370, 376, 597 P.2d 1362 (1979).

Third, and most important, Mr. Hoffer's interpretation would mean that any juvenile court which sentences a youth to more than 30 days' confinement automatically loses authority to enforce any other section of the disposition order. This reading leads to an absurd result. *Crown Zellerbach Corp. v. Department of Labor & Indus., supra.*

Mr. Hoffer next contends the court's jurisdiction is limited to the periods of community supervision, confinement and parole. The only authority for this is the "general thrust" of the act, which Mr. Hoffer maintains is to "define the limits of the juvenile court's jurisdiction" and "provide for punishment commensurate with the age, crime and criminal history of the Juvenile offender". As noted earlier, the act places restitution as a separate punishment with less restriction on the trial court than in other areas. Had the Legislature wished, it could have placed other lim-

itations besides the age 21 limitation found in RCW 13.40-.300(2). *See, e.g.,* RCW 9.94A.140, wherein the Legislature set a 10–year limitation for restitution payment for adult offenders independent of any other jurisdictional limitation. Under RCW 13.40.300(1)(c), however, a court has jurisdiction in a proceeding which begins prior to a youth's 18th birthday to extend jurisdiction to age 21 to enforce its orders.

Mr. Hoffer realizes that the import of his position would be to limit a juvenile court's jurisdiction to age 18 absent a finding of manifest injustice. He contends this is sufficient to teach accountability to a youth. The victim, he contends, still has a civil remedy.

The facts of this case clearly indicate the weakness in Mr. Hoffer's contention. Having caused up to $3,800 damages, he now contends the court can hold him to only approximately $1,000 (the record is not clear on how much will have been paid by his 18th birthday). Rather than learning to be accountable, the youth will learn that it may be preferable to "lay low" to age 18 and hope the civil statute of limitation runs out at about the same time. Rather than accountability, Mr. Hoffer's construction teaches disrespect and causes the innocent victim to incur legal expenses to enforce rights which the act was meant to provide. *See State v. Rice,* 98 Wn.2d 384, 389–91, 655 P.2d 1145 (1982).

We affirm the trial court's extension of jurisdiction to Mr. Hoffer's 21st birthday.

ROE, C.J., and MCINTURFF, J., concur.