985 P.2d 946 (1999)
97 Wash.App. 401
STATE of Washington, Respondent,
v.
[W.C.F.], B.D. 11-03-82, Appellant.
No. 43605-8-I.
Court of Appeals of Washington, Division 1.
September 7, 1999.
Publication Ordered October 6, 1999.
*947 Christopher Gibson, Nielsen Broman & Assoc. Pllc, Seattle, for Appellant.
Randi J. Austell, King County Prosecuting Attorney, Seattle, for Respondent.
COX, J.
W.F. appeals the extension of the term of community supervision specified in his original disposition order. The juvenile court extended the term because W.F. violated a condition of the disposition order by using marijuana. W.F. also argues that a manifest injustice determination was required because the modification resulted in a term of community supervision exceeding the standard range. Because the juvenile court has the statutory authority to modify the disposition order by extending the term of community supervision and a manifest injustice determination is not required under these circumstances, we affirm.
In August 1998, W.F. pleaded guilty to one count of attempted explosive devices activity without a license.[1] In its disposition order, the juvenile court imposed three months of community supervision and 16 hours of community service, the top of the standard range for this offense. The order also required W.F. to comply with certain conditions, including that he "neither use nor possess any weapons, or non-prescribed drugs/alcohol."
About three weeks prior to the expiration of W.F.'s community supervision, the State moved to modify the disposition order because W.F. allegedly tested positive for marijuana use. At a hearing, the court found that the allegations were true. It extended W.F.'s community supervision for three months. W.F. appeals that order.

I. Modification of Disposition Order
W.F. argues that the court had no statutory authority to extend his term of community supervision at the modification hearing. In substance, he contends that RCW 13.40.200 only authorizes confinement, not to exceed 30 days in length, as a sanction for violations of conditions of disposition. We do not agree.
The construction of a statute is a question of law that we review de novo.[2] If a statute is ambiguous, we construe it to give effect to the legislative intent.[3] We do not construe a statute that is unambiguous.[4] We assume that the Legislature means exactly what it says.[5]
RCW 13.40.200 states the juvenile court's authority to enforce its own disposition orders. It states in relevant part:

*948 (1) When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation....
(3) If the court finds that a respondent has willfully violated the terms of an order pursuant to subsections (1) and (2) of this section, it may impose a penalty of up to thirty days' confinement. Penalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement. Regardless of the number of times a respondent is brought to court for violations of the terms of a single disposition order, the combined total number of days spent by the respondent in detention shall never exceed the maximum term to which an adult could be sentenced for the underlying offense.
W.F. argues that subsection (3) limits penalties for violations of disposition orders to confinement, not to exceed 30 days in duration. He points to the absence of specific language in the statute authorizing the extension of community supervision as a sanction to prove that no such authority exists. We do not read the statute so narrowly.
This court has previously rejected the reading W.F. urges us to adopt. In In re Welfare of Hoffer,[6] Hoffer was required to pay restitution by the terms of his disposition. When he failed to make any payments, the court modified the order by extending the terms of payment of restitution to his 21st birthday. Hoffer challenged the court's authority to enter such an order. He argued that under former RCW 13.40.200(3)(a), the only possible sanction for his violation of the restitution order was confinement for up to 30 days. This court rejected Hoffer's argument, stating that "[s]uch a narrow interpretation would unduly limit a trial court's authority to modify a previous restitution order."[7] Addressing the specific language in subsection (3) regarding confinement, the court held that the subsection "specifically speaks to an added penalty for willful violations; it places no limit on the court's authority to modify the order."[8]
Our state Supreme Court has similarly declined to read subsection (3) as unduly limiting or restricting the trial court's discretion in modifying the disposition order. In State v. Martin,[9] the court stated that the subsection "guides the court's discretion in imposing penalties for such violations." We read that case to mean that subsection (3) is a guide, not a limitation on the juvenile court's discretion in modifying disposition orders under this statute.
In addition to the cases construing the statute, it is clear that the court's imposition of a sanction for violation of a disposition order is permissive because of the use of the word "may" in the section at issue. It is permissive in the sense that the court may or may not choose to impose confinement as the sanction. There is nothing in the statute that suggests that the court is prohibited from imposing the less onerous sanction of extended community supervision in lieu of confinement. To read the statute as requiring confinement in all cases of sanction makes no sense. We decline to adopt such a construction.
Relying on State v. Raines,[10] W.F. insists that RCW 13.40.200 limits the sanctions for a violation of a disposition order to 30 days' confinement. There, Raines violated treatment conditions of his one-year term of community placement. As a sanction for those violations, the trial court extended Raines' term of community placement. Because the Sentencing Reform Act of 1981 (SRA) does not authorize such an extension, this court concluded that the trial court exceeded its statutory authority.
W.F. claims that the modification of his disposition order, like the extension of *949 Raines' community placement, is not authorized by statute. We do not agree.
Whereas the trial court in Raines was constrained by the enforcement measures expressly authorized by the SRA, the Juvenile Justice Act of 1977 does not set forth the specific enforcement measures available to a juvenile court. Rather, it grants broad authority to "modify" the disposition order. Because Raines addresses the enforcement of community placement terms under the SRA, it does not control the inquiry here.
W.F. next argues that to allow the court to extend the term of community supervision violates the requirement that dispositions be "determinate."[11]
Because the Juvenile Justice Act does not define "determinate disposition," W.F. urges us to apply by analogy the definition of "determinate sentence" under the SRA.
The SRA defines "determinate sentence" as:
a sentence that states with exactitude the number of actual years, months, or days of total confinement, of partial confinement, of community supervision, the number of actual hours or days of community service work, or dollars or terms of a legal financial obligation. The fact that an offender through "earned early release" can reduce the actual period of confinement shall not affect the classification of the sentence as a determinate sentence.[[12]]
But even under that definition, W.F.'s original disposition here was determinate. As W.F. concedes, the original disposition stated "with exactitude" the precise terms of community supervision (three months) and community service (16 days). Therefore, at the time of its entry, it was determinate. The court's subsequent modification of the disposition did not render it indeterminate. The modification order specifies the exact term of extension.
Finally, W.F. argues that even if the court has the authority to extend the term of community supervision under RCW 13.40.200, it cannot impose a term that would exceed the standard range for the offense without making a manifest injustice finding. We hold that a manifest injustice determination was not necessary.
A juvenile court may impose a disposition outside the standard range only if it makes a manifest injustice determination.[13] The Juvenile Justice Act defines manifest injustice as "a disposition that would either impose an excessive penalty on the juvenile or would impose a serious, and clear danger to society in light of the purposes of this chapter."[14]
The court here did not make a manifest injustice finding. At the original disposition hearing, the court imposed three months of community supervision and 16 hours of community service. Because that disposition was within the standard range, no manifest injustice determination was required.
Likewise, no manifest injustice determination was necessary at the modification because the court did not issue an order of disposition. Rather, it modified the earlier disposition on the basis of W.F.'s subsequent violations of that disposition.
There was no disposition outside of the standard range. Thus, there was no basis for review of manifest injustice.
Finally, the State argues that the court here could have imposed even longer terms of additional community supervision. But because this question has no bearing on the resolution of the case before us, we will not consider it.

II. Costs
The State requests attorney fees and costs on appeal on the basis of RAP 14.3. That rule provides that "statutory attorney fees and the reasonable expenses actually incurred by a party" may be awarded as costs. And RCW 10.73.160(1) provides that an appellate court may require a juvenile offender to pay appellate costs. These costs include recoupment of fees for court-appointed *950 counsel.[15] W.F. fails to present any reason why we should not impose costs, and we know of none. Accordingly, we exercise our discretion and impose only those costs authorized by statute.
We affirm the order modifying the disposition order.
COLEMAN, J., and GROSSE, J., concur.
NOTES
[1] RCW 9A.28.020 and 70.74.022(1).
[2] State v. Martin, 137 Wash.2d 774, 975 P.2d 1020 (1999).
[3] State v. Elgin, 118 Wash.2d 551, 555, 825 P.2d 314 (1992).
[4] Food Servs. of America. v. Royal Heights, Inc., 123 Wash.2d 779, 784-85, 871 P.2d 590 (1994).
[5] State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995).
[6] 34 Wash.App. 82, 659 P.2d 1124 (1983).
[7] Hoffer, 34 Wash.App. at 86, 659 P.2d 1124.
[8] Hoffer, 34 Wash.App. at 86-87, 659 P.2d 1124.
[9] 102 Wash.2d 300, 303, 684 P.2d 1290 (1984).
[10] 83 Wash.App. 312, 922 P.2d 100 (1996).
[11] RCW 13.40.160(1)(a).
[12] RCW 9.94A.030(16).
[13] RCW 13.40.160(2).
[14] RCW 13.40.020(17).
[15] RCW 10.73.160(3).