6 P.3d 1211 (2000)
CITY OF KENT, Appellant,
v.
Richard BEIGH, Respondent,
No. 45624-5-I.
Court of Appeals of Washington, Division 1.
August 28, 2000.
Derek M. Smith, Kent, for Appellant.
David R. Kirshenbaum, Kent, for Respondent.
APPELWICK, J.
The City of Kent appeals the suppression of a blood test in a driving under the influence prosecution. The blood test was administered after three breath tests reported "interference." We find that the blood test is not authorized by RCW 46.20.308, and the trial court properly suppressed the results. We affirm.

FACTS
On September 19, 1998, Kent Police Department Officer Donovan Dexheimer arrested Richard Beigh on suspicion of driving under the influence of alcohol. The police advised Beigh of his Miranda warnings, and then transported him to the Kent City Jail where he was read his implied consent warnings for a breath test.
Officer Dexheimer administered three breath alcohol tests on Beigh using a BAC Verifier DataMaster (DataMaster). On all three tests, the DataMaster detected interference that prevented a valid breath sample.
*1212 Officer Dexheimer then advised Beigh of the implied consent warnings for a blood test and transported him to the Auburn Regional Medical Center to obtain a blood sample. Officer Dexheimer testified that he had six years experience operating the DataMaster and that he was an instructor trained to teach the instrument's operation. Officer Dexheimer also testified that detection of an interfering substance is most likely the result of acetone on a person's breath. A safeguard built into the instrument shuts down the BAC DataMaster when it detects an acetone level of over .01 grams per 210 liters of breath. After the second "interference" detection, Officer Dexheimer asked Beigh to rinse his mouth out. He waited 15 minutes before administering the test again.
Beigh moved to suppress the blood test results based on RCW 46.20.308. Judge Robert McSeveney of the Kent Municipal Court suppressed the results of Beigh's blood test. The City of Kent challenged the municipal court's ruling by way of a writ of review filed in the King County Superior Court. Judge LeRoy McCullough denied the City's appeal on writ and remanded the case to the Kent Municipal Court. Judge McCullough found that there "was no showing that defendant was `incapable' of providing the [breath] sample," and affirmed. The City of Kent appeals.

ANALYSIS
Standard of Review
The construction of a statute is a question of law that is reviewed de novo. State v. W.C.F., 97 Wash.App. 401, 403, 985 P.2d 946 (1999). In interpreting a statute, we must construe the enactment as a whole, and give effect to all language used. Omega Nat'l Ins. Co. v. Marquardt, 115 Wash.2d 416, 425, 799 P.2d 235 (1990). "Every provision must be viewed in relation to other provisions and harmonized if at all possible." Omega, 115 Wash.2d at 425, 799 P.2d 235.
The issue in this case is whether the City of Kent was authorized under RCW 46.20.308 to perform a blood test on Beigh, where three previous breath tests reported interference.
RCW 46.20.308
Under the Washington implied consent statute, "[a]ny person who operates a motor vehicle within this state is deemed to have given consent ... to a test or tests of his or her breath or blood for the purpose of determining the alcohol concentration...." RCW 46.20.308(1). Section three of the statute provides:
Except as provided in this section, the test administered shall be of the breath only. If an individual is unconscious or is under arrest for the crime of vehicular homicide as provided in RCW 46.61.520 or vehicular assault as provided in RCW 46.61.522, or if an individual is under arrest for the crime of driving while under the influence of intoxicating liquor or drugs as provided in RCW 46.61.502, which arrest results from an accident in which there has been serious bodily injury to another person, a breath or blood test may be administered without the consent of the individual so arrested. (Emphasis added).
RCW 46.20.308(3).
RCW 46.20.308(2) sets the rules for who will administer a breath or blood test:
The test or tests of breath shall be administered at the direction of a law enforcement officer.... However, in those instances where the person is incapable due to physical injury, physical incapacity, or other physical limitation, of providing a breath sample or where the person is being treated in a hospital, clinic, doctor's office, emergency medical vehicle, ambulance, or other similar facility in which a breath testing instrument is not present or where the officer has reasonable grounds to believe that the person is under the influence of a drug, a blood test shall be administered by a qualified person as provided in RCW 46.61.506(4). (Emphasis added).
The City of Kent relies on RCW 46.20.308(2) in arguing that a blood test is required when a person is physically incapable of providing a breath sample. The City of Kent contends that the Washington Administrative Code (WAC) establishes when a *1213 person is physically incapable of providing a breath test. The City of Kent claims that where interference is detected in a person's breath, the test is invalid and a blood test is required.
Beigh argues that a blood test is only permitted if a driver's circumstance falls under the specific exceptions found in RCW 46.20.308. He also claims that he was physically capable of providing a breath sample and, therefore, under no obligation to provide a blood sample.
The parties incorrectly assert that RCW 46.70.308(2) establishes the requirements for authorizing a blood test. Specifically, the parties contend that a blood sample is required "in those instances where the person is incapable due to physical injury, physical incapacity, or other physical limitation, of providing a breath sample...." RCW 46.20.308(2).[1] We disagree with this analysis.
We must first look to the plain language of RCW 46.20.308(3). That section unequivocally provides that "[e]xcept as provided in this section, the test administered shall be of the breath only." RCW 46.20.308(3). Here, none of the RCW 46.20.308(3) exceptions apply. Beigh was not unconscious when Officer Dexheimer arrested him. Beigh was not arrested for vehicular homicide or vehicular assault. Finally, the record does not suggest that Beigh was arrested after an accident in which there was serious bodily injury to another person.
We also refuse to find that WAC 448-13-055 changes the plain meaning of the statute. WAC 448-13-055 provides:
If during a breath test, an interference is detected, this will invalidate the test. If a breath test document is produced which notes the presence of an interference, the breath test will not be valid. The subject will be required to repeat the test. A subject whose breath registers the presence of an interference on two or more successive breaths shall be presumed to be incapable of providing a valid breath sample.
The City of Kent contends that the breath tests performed on Beigh were invalid, and that no test occurs until a valid test occurs. Therefore, WAC 448-13-055 authorized Beigh's blood test.
In State v. Brokman, 84 Wash.App. 848, 930 P.2d 354 (1997), the police performed two breath tests on each defendant. The tests were invalid because of a malfunctioning DataMaster. The tests did not show the required reading under WAC 448-13-050. Brokman, 84 Wash.App. at 851, 930 P.2d 354. The court considered whether the police officers had authority to conduct additional breath tests after each defendant had provided two invalid breath samples. The court held that "RCW 46.20.308 and the administrative protocol permit multiple breath samples to be taken until a valid test occurs as defined by the protocol approved by the state toxicologist.... No test occurs until a valid test occurs." Brokman, 84 Wash.App. at 852, 930 P.2d 354.[2]
The City of Kent's analysis is flawed for three reasons. First, the plain language of RCW 46.20.308(3) provides the only exceptions where a blood test should be used instead of a breath test. "When the language of a statute is unambiguous, courts may not alter the statute's plain meaning by construction." State v. Bostrom, 127 Wash.2d 580, 586-87, 902 P.2d 157 (1995) (citations omitted). The exceptions do not apply in this case.
Second, Brokman is easily distinguished. In that case the court considered *1214 the police's authority to conduct a third breath test. The court did not address whether a blood test was appropriate after invalid breath tests. Brokman focused on the necessity to follow administrative protocol in administering breath tests. Here, Officer Dexheimer tested Beigh's breath alcohol content three times. Interference was detected in each test. The issue is not whether the breath tests were properly administered, but whether the police were authorized to conduct a blood test.
Lastly, the City of Kent's reliance on WAC 448-13-055 is misplaced. The plain language states that a breath test is invalidated after an interference is detected. When interference is detected two or more times, the person will be presumed to be incapable of providing a valid breath sample. WAC 448-13-055. The WAC does not address the authority to conduct blood samples. The City of Kent contends that WAC 448-13-055 should not be read standing alone, but alongside RCW 46.20.308(2). The City of Kent's only authority linking the WAC to the statute are the terms "physical incapacity" and "incapable" respectively. But even if the WAC were specifically linked to the pertinent phrase in RCW 46.20.308(2), this would not impact when a blood test may be performed. That authority is only found under RCW 46.20.308(3).
We affirm the trial court, but on different grounds. The trial court found that "[t]here was no showing that defendant was `incapable' of providing the [breath] sample." But to acquire a blood sample from Beigh, a police officer must comply with RCW 46.20.308(3). Here, the specific exceptions to permitting blood samples in lieu of breath tests are not available. The plain meaning of the statute governs. The general language in WAC 448-13-055 does not allow us to change the statute. Affirmed.
COX, J., and BECKER, A.C.J., concur.
NOTES
[1] Beigh cites Mairs v. Department of Licensing, 70 Wash.App. 541, 854 P.2d 665 (1993), for the proposition that the language in RCW 46.20.308(2) provides a specific exception to administering a blood test in lieu of a breath test. In Mairs, the appellate court stated that a person arrested for DWI could not be asked to take a blood test for alcohol content unless an exception to former RCW 46.20.308(2) was met. This is an inaccurate statement of the law. In citing the statute, the court omitted the critical qualifying sentence that where the stated conditions are met "a blood test shall be administered by a qualified person as provided in RCW 46.61.506(4)." See Mairs, 70 Wash.App. at 547, 854 P.2d 665.
[2] WAC 448-13-055 was not at issue in Brokman. Brokman, 84 Wash.App. at 851, 930 P.2d 354.