IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  36960-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDUARDO MIRANDA SALAZAR, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Edwardo Salazar appeals the revocation of his prison-based drug offender sentencing alternative (DOSA) entered following his guilty plea to a charge of third degree assault.  Mr. Salazar contends the court erred by imposing the maximum standard range sentence when revoking his DOSA and claims the State violated the plea agreement when it argued for a higher sentence during the revocation hearing.  We affirm.

Mr. Salazar faced a standard range of 22-29 months in prison.  The parties jointly recommended the DOSA sentence of 25.5 months split between treatment in prison and community custody.  The court accepted the recommendation and imposed the requested sentence.  The judgment and sentence form noted that the 12.25 months of community custody could be revoked and Mr. Salazar returned to prison in case of violation.

Mr. Salazar did violate the conditions of community custody and stipulated that he

committed three violations. Both the prosecutor and the Department of Corrections

(DOC) recommended that the court impose a 29-month sentence; Mr. Salazar argued that

the court was limited to imposing the remainder of the 25.5 month sentence.

The court revoked the DOSA and imposed a 29-month prison term with credit for

time served. Mr. Salazar then timely appealed to this court. A panel considered his case

without conducting argument.

## ANALYSIS

Mr. Salazar argues that the court lacked authority to sentence him to 29 months

after revoking the DOSA. He also argues that the prosecutor violated the plea agreement

by recommending that sentence. We address his contentions in the order listed.

*Court Authority*

Mr. Salazar argues that the court could not "modify" his sentence as it did. The

governing statute allowed the court to do what it did.

RCW 9.94A.660(7)(a) authorizes the court to take action if a violation of a DOSA

sentence is brought before it. RCW 9.94A.660(7)(b) empowers the court to either modify

the conditions of the DOSA or impose sanctions under RCW 9.94A.660(7)(c). In turn,

that later provision states:

> The court may order the offender to serve a term of total confinement
> within the standard range of the offender's current offense at any time
> during the period of community custody if the offender violates the

2

conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment.

RCW 9.94A.660(7)(c).

In contrast, when an offender violates the DOSA conditions while in prison, DOC is authorized to take action. RCW 9.94A.662. In that instance, DOC is empowered to reclassify the offender and order him to serve the remaining balance of the original sentence. RCW 9.94A.662(3).

Mr. Salazar's argument confuses the authority of the court with that of DOC. In reclassifying an offender who fails his DOSA sentence while in prison, DOC simply converts the remainder of the original sentence, including the part that would have been served in the community, to a straight prison term. In contrast, the court deals with an offender who violates the DOSA sentence upon return to the community. In that instance, the trial court has *carte blanche* to maintain the DOSA sentence, modify it, or impose its own prison sentence within the standard range. Here, the trial court exercised that last option.

The judgment and sentence warned Mr. Salazar that he could face the remaining half of the sentence in prison if he failed to comply. That warning notice, however, did not circumscribe the trial court's statutory authority to impose its own sanctions if he violated the terms of community custody.

The trial court did not err by imposing the 29-month term.

No. 36960-9-III
*State v. Salazar*

*Plea Agreement*

Mr. Salazar also argues that the prosecutor breached the plea agreement by failing to recommend the 25.5-month sentence upon revocation of the DOSA. We need not discuss this argument at any length because there is no factual support for it.

Mr. Salazar rightly contends that the government is bound to follow its plea agreement. However, he cannot show any breach of that agreement. The agreement does not address the possible sanction the prosecutor might seek in the event that Mr. Salazar violated the sentence after it was imposed. The prosecutor simply cannot violate an agreement he did not make. *State v. Church*, 5 Wn. App. 2d 577, 585, 428 P.3d 150 (2018), *review denied*, 192 Wn.2d 1020 (2019).

There was no breach of the plea agreement.

Affirmed.

_____
Korsmo, J.

WE CONCUR:

_____                    _____
Pennell, C.J.                                                               Fearing, J.

4