**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| IN RE POST-SENTENCE REVIEW OF: | No. 84706-6-I |
|---|---|
| AIKEEM ROBERTS, | DIVISION ONE |
| Respondent. | PUBLISHED OPINION |

MANN, J. — When a defendant has been sentenced to a drug offender sentencing alternative (DOSA) and violated its terms or requirements, a court has discretion under RCW 9.94A.660(7) to revoke the DOSA and impose a term of total confinement within the standard range for the defendant's current offense. Here, the trial court exceeded its authority under RCW 9.94A.660(7) by revoking the defendant's residential treatment-based DOSA and converting the sentence to a prison-based DOSA. As a result, we grant the Department of Corrections' postsentence petition for review. We reverse and remand for the trial court to impose a term of confinement within the standard range as required by RCW 9.94A.660(7)(c).

I

Aikeem Roberts pleaded guilty to malicious mischief in the second degree, and in March 2022, the trial court imposed a residential DOSA. The court imposed 30 days of jail time and 24 months of community custody, to be supervised by the Department of

Corrections (Department), on the condition that Roberts enter and remain in a residential substance use disorder treatment program for a period of up to six months.

In April 2022, Roberts was scheduled to be released from jail and transferred to a treatment facility, but he refused to go. The Department charged Roberts with violating the conditions of his DOSA, but the trial court declined to impose sanctions, and instead allowed Roberts another opportunity to enter a treatment facility.

On July 25, 2022, Roberts was admitted to a treatment facility and completed the intake process. But the next day—less than 24 hours after reporting for treatment—Roberts left the facility.

The court held a hearing on August 19, 2022, to address new allegations that Roberts violated his DOSA by aborting treatment and failing to contact his community corrections officer afterward. Roberts conceded guilt as to both allegations, but urged the court to return him to treatment. The court declined to return Roberts to treatment for a third time and revoked his DOSA, as the State recommended. The court continued the hearing and ordered supplemental briefing on whether it was appropriate to impose sanctions under the general statute that applies to all DOSAs, RCW 9.94A.660(7) (requiring, upon revocation, a term of confinement within the standard range), or under a statute applicable only to residential DOSAs, RCW 9.94A.664(4) (providing for the imposition of a term of confinement of one-half of the midpoint of the standard range, followed by community custody, if authorized).

Based on the briefing and argument at a subsequent hearing, the court determined that the residential DOSA provision, RCW 9.94A.664(4), was inapplicable because the statutory prerequisites for those sanctions to apply were not met. Based

2

on the standard range of between 22 and 29 months, the State recommended that the court impose a term of 22 months. The defense requested an exceptional sentence below the standard range. But also, for the first time at the hearing, Roberts argued in the alternative that the trial court had authority to convert his residential DOSA to a prison-based DOSA under RCW 9.94A.662. The court continued the hearing again to allow the State to respond.

At the third hearing, on October 7, 2022, the court found no basis to impose an exceptional sentence below the range, but decided to impose a prison-based DOSA, over the State's objection. The court found that RCW 9.94A.660(7) did not clearly preclude conversion of Roberts's DOSA to a prison-based DOSA. The court also observed that allowing a defendant to be transferred from one DOSA program to another is consistent with the DOSA statutes' objective of providing meaningful treatment.

The court entered an order revoking Roberts's residential DOSA. The "commitment order" portion of the order provides, in preprinted language, that "[p]ursuant to RCW 9.94A.660(7), the court orders the defendant to serve a term of total confinement within the standard range of the defendant's current offense," and correctly identifies the range as between 22 and 29 months. But in the next part of that section, the court imposed a 12.75-month term of confinement, explaining by handwritten notation that the sentence is a "Prison-based DOSA" to be followed by an equal-length term of community custody.

After unsuccessfully petitioning the court to impose a term of confinement under RCW 9.94A.660(7), the Department sought review in this court.

II

The Department argues, and the State agrees, that the trial court exceeded its authority under RCW 9.94A.660(7) when it revoked Roberts's residential treatment-based DOSA and converted his sentence to a prison-based DOSA under RCW 9.94A.662.

A trial court may only impose a sentence that is authorized by statute. In re Postsentence Rev. of Leach, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). The trial court's discretion in sentencing is limited to discretion specifically conferred by the legislature. State v. Ammons, 105 Wn.2d 175, 181, 713 P.2d 719 (1986); State v. Shove, 113 Wn.2d 83, 89 n.3, 776 P.2d 132 (1989).

RCW 9.94A.585(7) authorizes the Department to seek review of legally erroneous sentences. We review such claims of error de novo. In re Postsentence Rev. of Combs, 176 Wn. App. 112, 116, 308 P.3d 763 (2013). In particular, whether a trial court exceeded its authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, is a question of law we review de novo. State v. Button, 184 Wn. App. 442, 446, 339 P.3d 182 (2014). "When a trial court exceeds its sentencing authority under the SRA, it commits reversible error." State v. Murray, 118 Wn. App. 518, 522, 77 P.3d 1188 (2003).

Issues of statutory interpretation are also legal questions subject to de novo review. State v. Evans, 177 Wn.2d 186, 191, 298 P.3d 724 (2013). "The primary goal in statutory interpretation is to ascertain and give effect to the intent of the Legislature." Nat'l Elec. Contractors Ass'n, Cascade Chapter v. Riveland, 138 Wn.2d 9, 19, 978 P.2d 481 (1999). Legislative intent is derived, when possible, "solely from the plain language

4

enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." Cashmere Valley Bank v. Dep't of Revenue, 181 Wn.2d 622, 631, 344 P.3d 1100 (2014). "Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent." State v. Alvarado, 164 Wn.2d 556, 562, 192 P.3d 345 (2008).

RCW 9.94A.660 governs both prison-based and residential treatment-based DOSAs. If an offender meets the requirements in RCW 9.94A.660(1), then the court will "waive" the standard range sentence and "impose a sentence consisting of either a prison-based alternative under RCW 9.94A.662 or a residential substance use disorder treatment-based alternative under RCW 9.94A.664." RCW 9.94A.660(3). RCW 9.94A.660 also includes provisions that allow the court to adjust a DOSA's conditions or impose sanctions if a defendant violates the conditions or requirements or fails to make satisfactory progress in treatment.

RCW 9.94A.660(7) provides, in relevant part:

(a)     The court may bring any offender sentenced under this section back into court at any time on its own initiative to evaluate the offender's progress in treatment or to determine if any violations of the conditions of the sentence have occurred.

(b)     If the offender is brought back to court, the court may modify the conditions of the community custody, or impose sanctions under (c) of this subsection.

(c)     The court may order the offender to serve a term of total confinement within the standard range of the offender's current offense at any time during the period of community custody if the offender violates the conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment.

(Emphasis added.)

The residential treatment-based DOSA statute, RCW 9.94A.664(4), provides for alternative sanctions in certain circumstances. State v. Church, 5 Wn. App. 2d 577, 582, 428 P.3d 150 (2018) (authority to impose sanctions under RCW 9.94A.664 requires satisfaction of the statute's prerequisites). But here, after finding that sanctions under the residential DOSA statute did not apply, the trial court expressly proceeded under the general DOSA provision, RCW 9.94A.660(7).

The only sanction authorized by RCW 9.94A.660(7)(c) is a term of confinement within the standard range. The trial court here imposed a term of confinement of 12.75 months, which falls outside the standard range. The court also imposed 12.75 months of community custody, when the governing statute, RCW 9.94A.701, does not authorize community custody for Roberts's crime of conviction. See RCW 9.94A.701; RCW 9.94A.030(58) (community custody is not applicable to nonviolent crime against property).

Roberts contends that the trial court acted within its discretion because a prison-based DOSA is a form of a standard range sentence. Roberts also claims that RCW 9.94A.660(7) is ambiguous and the rule of lenity applies. See State v. Roberts, 117 Wn.2d 576, 586, 817 P.2d 855 (1991) (ambiguous criminal statute should be construed leniently). And finally, Roberts relies on State v. W.C.F., 97 Wn. App. 401, 403-04, 985 P.2d 946 (1999), to argue that the permissive language of RCW 9.94A.660(7) allows the court to impose sanctions other than a term of confinement within the standard range.

Although some courts have characterized a DOSA as "an alternative form of [a] standard range sentence," rather than an "exceptional sentence," RCW 9.94A.660(7)(c)

6

requires not merely a standard range sentence, but requires imposition of a "term of total confinement within the standard range" for the current offense. State v. Murray, 128 Wn. App. 718, 726, 116 P.3d 1072 (2005); RCW 9.94A.660(7)(c). RCW 9.94A.660(7) is susceptible to only one reasonable interpretation. The statute uses "may" and not "must" to convey that when a defendant is brought to court to address alleged violations or inadequate progress in treatment, the court is authorized, but not required, to modify the DOSA conditions or impose sanctions under subsection (c). Nothing in the statute implies that the court has discretion to impose sanctions other than those described in subsection (c). In other words, while the sanction authorized by RCW 9.94A.660(7)(c) is discretionary, it is the only sanction that the court may impose when the court acts under the authority of the statute. See State v. Salazar, 13 Wn. App. 2d 880, 883, 468 P.3d 661 (2020) (when an offender serving a DOSA sentence in the community violates DOSA conditions, "the trial court has carte blanche to maintain the DOSA sentence, modify it, or impose its own prison sentence within the standard range").

Because RCW 9.94A.660(7) is not subject to more than one reasonable interpretation, the rule of lenity does not apply. See State v. McGee, 122 Wn.2d 783, 787, 864 P.2d 912 (1993). Moreover, as the Department points out, Roberts's reliance on W.C.F. is unavailing. As we observed in W.C.F., in matters governed by the SRA, trial courts are "constrained by the enforcement measures expressly authorized" by those provisions, while the Juvenile Justice Act of 1977, chapter 13.40 RCW, does not

prescribe specific enforcement measures and confers "broad authority" to the juvenile court to modify the disposition order.[1]  W.C.F., 97 Wn. App. at 405-06.

III

Alternatively, Roberts contends the trial court erred in determining that RCW 9.94A.664(4) did not apply.  Roberts thus maintains that we should remand with instructions for the court to consider whether to impose sanctions under RCW 9.94A.664(4).[2]

RCW 9.94A.664 provides specific provisions for residential treatment-based DOSAs.  An individual sentenced under the residential DOSA statute does not serve a term of confinement and is subject only to a term of community custody "conditioned on the offender entering and remaining in a residential substance use disorder treatment program" for a period of up to six months.  RCW 9.94A.664(1).  Under RCW 9.94A.664(4), at a "progress hearing" or a "treatment termination hearing," the court may modify conditions of community custody or impose, as a sanction, a sentence that resembles a prison-based DOSA, comprised of "a term of total confinement equal to one-half the midpoint of the standard sentence range, followed by a term of community

---

[1] Because we conclude that RCW 9.94A.660(7) unambiguously required the trial court to impose a term of confinement within the standard range, we do not address the parties' disagreement about whether the October 2022 order imposing a prison-based DOSA amounts to Roberts's third DOSA within a 10-year period and whether Roberts is ineligible for that sentence under RCW 9.94A.660(1)(g) (an offender is only eligible for a DOSA if they have not received a DOSA sentence "more than once in the prior ten years before the current offense").

[2] The Department contends that because its petition did not challenge the trial court's decision to apply RCW 9.94A.660(7), and not RCW 9.94A.664(4), we should decline to reach this "new issue" Roberts raises in his response.  But unlike the authority cited by the Department, Roberts's argument is responsive to the Department's petition because the trial court's sentencing decision was premised, in part, on its determination that RCW 9.94A.664 did not apply.  See, e.g., In re Pers. Restraint of Bercier, 178 Wn. App. 148, 151, 313 P.3d 491 (2013) (in response to the Department's petition asserting trial court error in prohibiting petitioner from receiving credit for community custody time served, petitioner could not challenge trial court's authority to revoke a DOSA).

custody under RCW 9.94A.701." RCW 9.94A.664(4)(b), (c). A progress hearing must be held "during the period of treatment," and the treatment termination hearing must occur "three months before the expiration of the term of community custody." RCW 9.94A.664(3)(b).

Roberts points out that the residential DOSA statute does not define "progress hearing." Roberts contends that the purpose of the August 19, 2022 hearing was to address his lack of progress in treatment and therefore, the court could have applied either .660(7) or .664(4). And as between the two statutes, Roberts maintains that RCW 9.94A.664, the more specific statute, should have applied. See O.S.T. v. Regence Blueshield, 181 Wn.2d 691, 701, 335 P.3d 416 (2014) (describing the general rule of statutory construction when statutes governing the same subject matter conflict, the specific statute prevails over a general statute).

Roberts's argument is inconsistent with the language of RCW 9.94A.664 and our decision in Church. In Church, after the court imposed a residential DOSA, the defendant twice failed to report to the treatment facility. 5 Wn. App. 2d at 579-80. The trial court revoked Church's DOSA and, rejecting Church's argument that the applicable sanctions were those set forth in RCW 9.94A.664(4)(c), the court imposed a term of confinement within the standard range under RCW 9.94A.660(7)(c). Church, 5 Wn. App. 2d at 580.

We affirmed on appeal, concluding that Church did not qualify for the "more lenient sanction allowed under RCW 9.94A.664(4)(c)." Church, 5 Wn. App. 2d at 582. We reasoned that the authority to impose sanctions under .664(4) depends on satisfaction of a number of statutory preconditions. Church, 5 Wn. App. 2d at 582. For

example, RCW 9.94A.664(3)(a) requires the treatment provider to send a treatment plan to the court "within thirty days of the offender's arrival to the residential substance use disorder treatment program." RCW 9.94A.664(3)(a). And RCW 9.94A.664(3)(b) requires the court to schedule both a "progress hearing" and a "treatment termination hearing." The court must schedule both hearings "[u]pon receipt of the plan" from the treatment provider. RCW 9.94A.664(3)(b). "Before the progress hearing and treatment termination hearing, the treatment provider and the department shall submit written reports to the court and parties regarding the offender's compliance with treatment and monitoring requirements." RCW 9.94A.664(3)(c). Since Church did not report for treatment, a treatment provider did not develop and send a treatment plan and the court had no opportunity to schedule or hold a progress hearing. Church, 5 Wn. App.2d at 582. Thus, sanctions under RCW 9.94A.664(4)(c) were not applicable to Church. Church, 5 Wn. App.2d at 582.

Although Roberts did report for treatment, the result here is the same. Contrary to Roberts's argument, we did not hold or imply in Church that once treatment is initiated, the court has discretion to apply either .664 or .660. Instead, we concluded that reporting for treatment is one of the statutory prerequisites that must be satisfied for RCW 9.94A.664(4)(c) to apply. Church, 5 Wn. App.2d at 582. Because the "plain language in RCW 9.94A.664 is unambiguous" we declined to address the apparent conflict between the sanctions set forth in .664 and .660. Church, 5 Wn. App.2d at 583. In a footnote, we noted the State's suggestion that the two statutes could be harmonized if, upon revocation of a residential DOSA, the trial court could select the confinement sanction that best fits the circumstances, and observed that this approach

appears to be consistent with the purposes of the DOSA statutes.  Church, 5 Wn. App. 2d at 583, n.16.  But this observation assumes circumstances not present here—i.e., satisfaction of RCW 9.94A.664(4)'s preconditions.

As the trial court noted in this matter, Roberts completed the intake process at the assigned treatment facility and a treatment provider sent a report of the intake to the court.  But that report indicated that there was not yet a treatment plan in place for Roberts and it is undisputed that Roberts left the residential treatment facility the day after he arrived.  As in Church, no treatment plan was developed and provided to the court and the court had no opportunity to schedule or hold a progress hearing "during the period of treatment."  RCW 9.94A.664(3)(b).  The trial court did not err in concluding that according to the statute and under Church, the statutory prerequisites to apply the sanctions under RCW 9.94A.664(4) were not satisfied.

We also observed in Church that the purpose of the DOSA statutes is "'to provide meaningful treatment and rehabilitation incentives'" and that the same interests are at stake when the court determines appropriate sanctions for noncompliance.  Church, 5 Wn. App. 2d at 583 (quoting State v. Grayson, 154 Wn.2d 333, 343, 111 P.3d 1183 (2005)).  And we noted that application of lenient sanctions under RCW 9.94A.664(4) when an offender receives a residential DOSA but fails to undergo any treatment would undermine the DOSA statutes' purpose by creating a disincentive to comply with the terms of a residential DOSA.  Church, 5 Wn. App.2d at 583.  Here also, if, following a failure to participate in treatment, the court may simply shift a defendant from a residential DOSA to a prison-based DOSA with a substantially reduced term of

confinement, the incentives to adhere to the DOSA requirements are reduced and the likelihood of success within the residential DOSA framework is also reduced.

The Department of Corrections' petition for postsentence review is granted. We reverse and remand for the trial court to impose a term of confinement within the standard range as required by RCW 9.94A.660(7)(c).

_Mann, J._

WE CONCUR:

_Birk, J._        _Chung, J._